IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-37-D
No. 7:16-CV-313-D

| | |
|---|---|
| JAMES JUNIOR CONYERS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On September 6, 2016, James Junior Conyers ("Conyers") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 67]. On April 20, 2017, Conyers filed a second section 2255 motion [D.E. 69]. On July 31, 2017, the government moved to dismiss Conyers's motions and filed a supporting memorandum [D.E. 73, 74]. Conyers did not respond. As explained below, the court grants the government's motion to dismiss.

On September 29, 2010, Conyers pleaded guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one). See [D.E. 44, 51, 53]; Presentence Investigation Report ("PSR") ¶¶ 1, 4. Before sentencing, the United States Probation Office ("probation") prepared a PSR. The PSR detailed Conyers's extensive criminal history and stated that his advisory guideline range was 180 months' imprisonment on count one. See id. ¶¶ 11–21, 58. The PSR also stated that Conyers was an armed career criminal. See id. ¶ 53. On February 1, 2011, at Conyers's sentencing hearing, the court concluded that Conyers was an armed career criminal and sentenced Conyers to 180 months' imprisonment. See Sent Tr. [D.E. 52] 5–6, 10–14.

Conyers appealed. On December 8, 2011, the United States Court of Appeals for the Fourth Circuit concluded that this court "properly designated Conyers as an armed career criminal" and affirmed. See United States v. Conyers, 457 F. App'x 229, 230 (4th Cir. 2011) (per curiam) (unpublished).

In Conyers's section 2255 motion, Conyers alleges that he is no longer an armed career criminal due to Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 67, 69]. The government disagrees and has moved to dismiss Conyers's motion for failure to state a claim upon which relief can be granted. See [D.E. 73, 74].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See,

2

e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Johnson does not help Conyers. Conyers's multiple convictions for breaking and entering continue to qualify as violent felonies under 18 U.S.C. § 924(e) even after Johnson. See, e.g., United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014); Conyers, 457 F. App'x at 230; PSR ¶¶ 14–18. Thus, Conyers's claim fails.

After reviewing the claim presented in Conyers's motions, the court finds that reasonable jurists would not find the court's treatment of Conyers's claim debatable or wrong, and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 73], DISMISSES Conyers's section 2255 motions [D.E. 67, 69], and DENIES a certificate of appealability.

SO ORDERED. This 31 day of May 2018.

Dever

JAMES C. DEVER III
Chief United States District Judge