IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-37-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| JAMES JUNIOR CONYERS, | ) |
| | ) |
| Defendant. | ) |

On February 18, 2021, James Junior Conyers ("Conyers" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 87]. On August 11, 2021, Conyers, through counsel, filed a memorandum [D.E. 90] and medical records in support [D.E. 91]. On September 25, 2021, the United States responded in opposition and filed an exhibit in support [D.E. 94]. As explained below, the court denies Conyers's motion.

I.

On September 29, 2010, pursuant to a written plea agreement, Conyers pleaded guilty to possession of a firearm and ammunition as a felon. See [D.E. 1, 44, 51, 53]. On February 1, 2011, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 46, 50, 52]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Conyers's total offense level to be 30, his criminal history category to be IV, and his advisory guideline range to be 180 months' imprisonment. See [D.E. 52] 6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Conyers to 180 months' imprisonment. See id. at 12; [D.E. 50] 2. Conyers appealed. See [D.E. 47]. On December 8, 2011,

the United States Court of Appeals for the Fourth Circuit affirmed Conyers's sentence. See United States v. Conyers, 457 F. App'x 229, 230 (4th Cir. 2011) (per curiam) (unpublished); [D.E. 60, 61].

On September 6, 2016, Conyers moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 67]. On April 20, 2017, Conyers filed a corrected section 2255 motion [D.E. 69]. On July 31, 2017, the government moved to dismiss Conyers's motions [D.E. 73]. On May 31, 2018, the court granted the government's motion to dismiss, dismissed Conyers's motions, and denied a certificate of appealability [D.E. 76]. Conyers appealed [D.E. 78]. On February 8, 2019, the Fourth Circuit denied a certificate of appealability and dismissed Conyers's appeal. See United States v. Conyers, 752 F. App'x 151, 152 (4th Cir. 2019) (per curiam) (unpublished); [D.E. 84, 85].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. §

2

3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

3

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

4

3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), petition for cert. docketed, (U.S. Sept. 8, 2021) (No. 21-5624); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On January 8, 2021, Conyers submitted a compassionate release request and the request was closed on April 19, 2021. See [D.E. 87]; [D.E. 87-1]; [D.E. 90] 1–3; [D.E. 94-1] 3. The government has not invoked section 3582's exhaustion requirement. See [D.E. 94] 2–3; see also United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020). Accordingly, the court addresses Conyers's motion on the merits.

Conyers seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Conyers cites the COVID-19 pandemic, his race, and his coronary artery disease, hypertension, obesity, hyperlipidemia, glaucoma, dysuria, arthritis, knee problems, and headaches. See [D.E. 87]; [D.E. 90] 1–5; [D.E. 91]. Conyers also cites the conditions at FCI Danbury and his

5

rehabilitation efforts. See [D.E. 90] 5–6.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Conyers states that he suffers from coronary artery disease, hypertension, obesity, hyperlipidemia, glaucoma, dysuria, arthritis, knee problems, and headaches, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Conyers serves his sentence. Accordingly, reducing Conyers's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Conyers's medical conditions, and his rehabilitation efforts are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Conyers's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Conyers is 52 years old and engaged in very serious criminal behavior on August 14, 2009. See PSR ¶¶ 5–8. Law enforcement found Conyers in possession of a .44 caliber revolver during the execution of a search warrant at a residence where Conyers was staying. See id. Conyers is a serial, violent recidivist with an astonishing 25 felony convictions, including breaking and entering (eleven counts), larceny (eleven counts), attempted breaking and entering, possession of a firearm by a felon

6

(two counts), and breaking and entering a motor vehicle. See id. ¶¶ 11–21. Nonetheless, Conyers has a history of successfully completing supervised release before reoffending and has taken some positive steps while incarcerated. See id.; [D.E. 90] 6. Furthermore, Conyers wanted to receive the COVID-19 vaccine, but declined due to the advice of medical personnel given his history of anaphylaxis. See [D.E. 91] 29, 38; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to [section 3582(c)(1)(A).]").

The court has considered Conyers's potential exposure to COVID-19, his reason for declining vaccination, his medical conditions, and rehabilitation efforts. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Conyers, the section 3553(a) factors, Conyers's arguments, the government's persuasive response, and the need to punish Conyers for his criminal behavior, to incapacitate Conyers, to promote respect for the law, to deter others, and to protect society, the court declines to grant Conyers's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 87, 90].

7

SO ORDERED. This 7 day of October, 2021.

                                                                       JAMES C. DEVER III
                                                                      United States District Judge